UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| RONALD J. HOF IN HIS CAPACITY AS CHAPTER 7 TRUSTEE OF THE BANKRUPTCY ESTATE OF FOODSERVICEWAREHOUSE.COM<br><br>VERSUS<br><br>LAPORTE, A PROFESSIONAL ACCOUNTING CORPORATION, ET AL. | CIVIL ACTION NO. 19-10696<br><br>SECTION: "D"(1)<br><br>JUDGE WENDY B. VITTER<br><br>MAGISTRATE JUDGE JANIS VAN MEERVELD |

ORDER AND REASONS

Before the Court is the Motion to Compel filed by plaintiff Ronald Hof (the "Trustee"), in his capacity as Chapter 7 Trustee of the bankruptcy estate of Foodservicewarehouse.com ("FSW"). (Rec. Doc. 60). The Trustee seeks disclosure of the defense costs that have eroded the insurance policy covering the claims he asserts in this litigation. For the following reasons, the Motion is DENIED. Oral argument set for September 23, 2020, is CANCELLED.

Background

In this lawsuit, the Trustee, in his capacity as trustee of the Chapter 7 Bankruptcy Estate of FSW alleges that LaPorte, APAC ("Laporte") is liable for professional negligence arising out of LaPorte's performance of audit services for FSW for the 2013 and 2014 fiscal years. The Trustee contends that the board of FSW relied on the 2013 audit in recommending and obtaining the approval of FSW's membership to explore the possibility of a public or private offering. To achieve that goal, FSW began expanding and taking on debt. It sought $75,000,000 in financing from JP Morgan Chase Bank, N.A. ("Chase") in June 2015. Chase began its field examination around the time that LaPorte was completing its field work in connection with its 2014 audit of FSW. According to the Trustee, Chase identified "numerous accounting deficiencies and

misstatements that LaPorte was required, but failed, to identify and disclose in its audit opinions." (Rec. Doc. 1-2, at 5). FSW was unable to remedy the issues identified and Chase declined to advance funds to FSW in January 2016. FSW alleges that it brought in an experienced CPA/auditor and a restructuring advisor in February and March of 2016, but it was determined that restructuring would not be possible.

On May 20, 2016, FSW filed a bankruptcy petition. The Trustee filed this adversary proceeding against LaPorte and its insurers, Continental Casualty Company ("Continental") and Ironshore Specialty Insurance Company ("Ironshore") in bankruptcy court on May 13, 2019. The Trustee alleges damages of at least $50,000,000 in debt that FSW incurred in the expansion, but which it was unable to repay. On May 28, 2019, the Trustee filed a motion in this court to withdraw the bankruptcy reference. Trial is presently set to begin on January 11, 2021. The deadline to complete discovery is September 25, 2020.

The Trustee seeks to compel Continental to disclose defense costs that serve to reduce insurance coverage limits in this matter. The Trustee argues that because unredacted insurance policies must be disclosed under Federal Rule of Civil Procedure 26(a)(1)(iv), he is entitled to discover both the policy limits and the amounts the limits have been reduced as a result of defense costs. Defendants respond that the relevant insurance policies have been produced with only the premium information redacted. They argue that the policy limits have thereby been disclosed, but there is no basis for disclosing defense costs expended.

<u>Law and Analysis</u>

The Federal Rules of Civil Procedure provide that "parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. Proc. 26(b)(1). "Information within this scope of discovery need

not be admissible in evidence to be discoverable." Id. The Rule requires consideration of the following factors in assessing proportionality: "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Id.

Rule 26 also requires the parties make initial disclosures of certain discoverable information to one another. This obligation includes the requirement that each party must provide "for inspection and copying . . . any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment." Fed. R. Civ. Proc. 26(a)(1)(iv). In Robin v. Weeks Marine, Inc., the defendant produced the insurance policy, but redacted the policy limits. No. CV 17-1539, 2017 WL 3311243, at *1 (E.D. La. Aug. 3, 2017). This court held that policy limits were relevant and required disclosure of the unredacted insurance policy. Id. at *3.

The Trustee relies on the Robin case to argue that defendants must disclose defense costs expended.[1] The Trustee argues that he cannot know the policy limits unless he knows the amount the actual policy limits have been eroded by defense costs. But as the defendants point out, the Robin case did not involve disclosure of defense costs—only the actual policy limit. There is no dispute that defendants here have produced the policies without redaction of the policy limits. The Trustee provides no legal authority or policy reason supporting disclosure of defense costs under Rule 26(a)(1)(iv).[2] Nor has the Trustee explained the relevance or importance of LaPorte's defense costs to the present case. The court has no basis to find LaPorte's defense costs discoverable.

---

[1] The Trustee seeks to compel a response to Interrogatory No. 3, which asks Continental to list all claimants and the status of claims against LaPorte's Continental professional liability insurance policy, including all amounts paid in defense costs incurred by Continental.
[2] No reply memo was filed.

<u>Conclusion</u>

Because plaintiff has provided no basis on which to find the amounts paid in defense costs are discoverable, the Trustee's Motion to Compel is DENIED. Oral argument set for September 23, 2020, is CANCELLED.

New Orleans, Louisiana, this 22nd day of September, 2020.

*Janis van Meerveld*
Janis van Meerveld
United States Magistrate Judge