UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **RONALD J. HOF, IN HIS CAPACITY AS CHAPTER TRUSTEE OF THE BANKRUPTCY ESTATE OF FOODSERVICEWAREHOUSE.COM, LLC** | **CIVIL ACTION** |
| **VERSUS** | **NO. 19-10696** |
| **LAPORTE, A PROFESSIONAL ACCOUNTING CORPORATION, ET AL.** | **SECTION D (1)** |

## ORDER

Before the Court is Plaintiff Ronald J. Hof's Motion *in Limine* to Limit Testimony of Joseph Simms, Pete Vincent, and Neil Ferrari, and to Limit the Admissibility of Accounting Review Panel Opinion.[1] Defendant LaPorte, A Professional Accounting Corporation, filed an Opposition.[2] Because Louisiana law mandates the admission of the Opinion and the testimony at issue, and because the Panelists' testimony passes muster under Federal Rule of Evidence 702, the Court denies the Motion.

### I.   FACTUAL BACKGROUND

This is an accounting malpractice case. LaPorte, A Professional Accounting Corporation ("LaPorte"), is a Louisiana accounting firm. LaPorte was hired as an

---

[1] R. Doc. 81.
[2] R. Doc. 99. The Court notes that the parties also filed Supplemental Memoranda. *See* R. Doc. 125 (Hof); R. Doc. 131 (LaPorte). The Court does not consider these memoranda in reaching its conclusions in this Order.

independent auditor for FoodServiceWarehouse.Com, LLC, ("FSW").[3]  LaPorte conducted independent audits of FSW for both 2013 and 2014.[4]  Ronald Hof, Trustee for FSW's bankruptcy estate, alleges that LaPorte failed to conduct these audits properly, resulting in significant damage and ultimately the bankruptcy of FSW.[5]  It is these allegations of professional negligence that underly the current dispute.

Before filing the instant suit, Plaintiff filed a complaint with the Society of Louisiana Certified Public Accountants.[6]  In this instance, the Panel was comprised of three CPAs:  Joseph Simms, Pete Vincent, and Neil Ferrari (collectively, the "Panelists").[7]  Hof contended that LaPorte's performance was deficient as to both the 2013 and 2014 audits of FSW.[8]  The Panel issued an opinion finding that LaPorte exercised due care and diligence and complied with generally accepted auditing standards with respect to the audit of Foodservicewarehouse.com, LLC for the years ending December 31, 2013, and December 31, 2014 (the "Opinion").[9]

On February 28, 2019, the day after the Panel issued its opinion, Vincent emailed Ferrari and Simms stating:

> "We did not review any 2013 workpapers.  Should we be rendering an opinion on 2013?  Remember the Plantiff's [sic] attorney specifically asked us if we examined any 2013 workpapers?  We responded no.  Should we change our opinion to "…for the year ended December 31, 2014.  We were not provided sufficient information to render an opinion on December 31, 2013."  The problem with this statement is that Rocky asked us at the beginning of the

---

[3] *See* R. Doc. 1-3 at 3 ¶ 8.
[4] R. Doc. 1-3 at 4 ¶ 11, 5 ¶ 15.
[5] *See generally* R. Doc. 1-3.
[6] *See* R. Doc. 99-1.
[7] *See* R. Doc. 99-3.
[8] R. Doc. 99-1.
[9] R. Doc. 99-3.

call before the other attorneys got on the call if we had all the information we needed to render an opinion and we said yes.  Your thoughts."[10]

Simms responded "Good point, I think we should restrict to 2014 based on that."[11]  And Ferrari replied "Maybe our opinion should be changed a bit to something like this:  Based on the information provided to us, the plaintiff did not prove that Laporte committed malpractice with respect to its audit of the FSW financial statements for the years ending Dec 31, 2014 and 2013."[12]

Simms and Vincent were each deposed in this matter.  At Simms's deposition, he testified that he had not seen anything that indicates that LaPorte did not meet its standard of care in its 2013 audit, and that he stands by his opinion today.[13]  He also testified that he did not specifically recall seeing the work papers for FSW's 2013 audit, and that if they were not included in the submission, he could not have rendered an opinion on the 2013 audit.[14]  At Vincent's deposition, he testified that he was given work papers that supported his opinion for both 2013 and 2014, and that he likewise stood by his opinion.[15]  But he also testified that what he suggested in his email "is a better expression of the opinion."[16]

Plaintiff now moves to redact the Opinion as to the 2013 audit and to limit the testimony of Simms, Vincent, and Ferrari as to the 2013 audit.[17]  Plaintiff argues

---

[10] R. Doc. 81-3 at 1-2.
[11] *Id.* at 1.
[12] *Id.* at 1.
[13] R. Doc. 99-4 at 3.
[14] R. Doc. 81-4.
[15] R. Doc. 99-5 at 2, 4.
[16] R. Doc. 81-5 at 5.
[17] R. Doc. 81.

that the Panelists' testimony cannot be based on sufficient facts or data or reliable methods as the email between the Panelists suggests the Panelists lacked sufficient documentation to come to a conclusion about the 2013 audit.  Plaintiff further seeks to have the Panel's opinion redacted so as to reference only the 2014 audit.

Defendant LaPorte has filed an Opposition to Plaintiff's Motion.[18]  LaPorte first argues that the testimony of the Panel, as well as the Opinion, are statutorily admissible.  Defendant further argues that the depositions of Simms and Vincent make clear they had sufficient information on which to base their opinions regarding the 2013 audit.  Finally, Defendant contends it was Plaintiff's responsibility to supply the panelists with sufficient information by which to review the audits, that any motion to exclude Ferarri is premature as he has not been deposed, and if the Court excludes the testimony of the panelists, it should likewise exclude the testimony of some of Plaintiff's experts.

## II.     LEGAL STANDARD

When expert testimony is challenged, the party seeking to present the testimony has the burden of proving, by a preponderance of the evidence, that the testimony satisfies Federal Rule of Evidence 702.[19]  Rule 702, which governs the admissibility of expert testimony,[20] provides the following:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:

---

[18] R. Doc. 99.
[19] *Moore v. Ashland Chemical Inc.*, 151 F.3d 269, 276 (5th Cir. 1998).
[20] *In re Chinese Manufactured Drywall Products Liability Litigation*, Civ. A. No. 09-6687, 2010 WL 8368083, at *2 (E.D. La. Feb. 17, 2010).

> (a) The expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
> (b) The testimony is based on sufficient facts or data;
> (c) The testimony is the product of reliable principles and methods; and
> (d) The expert has reliably applied the principles and methods to the facts of the case.[21]

The current version of Rule 702 reflects the Supreme Court's decisions in *Daubert v. Merrell Dow Pharmaceuticals, Inc.*[22] and *Kumho Tire Co. v. Carmichael.*[23] The threshold inquiry in determining whether an individual may offer expert testimony under Rule 702 is whether the individual possesses the requisite qualifications to render an opinion on a particular subject matter.[24] After defining the permissible scope of the expert's testimony, the court must determine whether the opinions are reliable and relevant before they can be admitted.[25] The purpose of *Daubert* is "to ensure that only reliable and relevant expert testimony is presented to the jury."[26]

### III.   ANALYSIS

Before considering Plaintiff's *Daubert* challenge, the Court first addresses the threshold question of whether the Opinion of the Panelists must be admitted pursuant to Louisiana law, notwithstanding the Plaintiff's *Daubert* challenge. Louisiana law provides that: "Any report of the expert opinion reached by the public

---

[21] Fed. R. Evid. 702.
[22] 509 U.S. 579, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993).
[23] 526 U.S. 137, 119 S.Ct. 1167, 143 L.Ed.2d 238 (1999).
[24] *Wagoner v. Exxon Mobil Corp.*, 813 F. Supp. 2d 771, 798 (E.D. La. 2011).
[25] *United States v. Valencia*, 600 F.3d 389, 424 (5th Cir. 2010) (citing *Daubert*, 509 U.S. at 592-93, 113 S.Ct. 2786).
[26] *Rushing v. Kansas City Southern Ry. Co.*, 185 F.3d 496, 506 (5th Cir. 1999) (superseded by statute on other grounds) (citing *Daubert*, 509 U.S. at 590-93, 113 S.Ct. 2786).

accountant review panel *shall be* admissible as evidence in any action subsequently brought by claimant in a court of law, but such expert opinion shall not be conclusive and either party shall have the right to call, at his cost, any member of the public accountant review panel as a witness."[27]  In short, Louisiana law by its plain text expressly requires the Court to admit the Panel's opinion, notwithstanding Plaintiff's *Daubert* attack.  Indeed, other courts have found that identical language of a similar statute dealing with a Medical Review Panel Opinion[28] is dispositive and shields the Panel's Opinion from exclusion under *Daubert*.[29]

The Court notes that Louisiana courts have excluded professional panel opinions and testimony under certain circumstances.  For example, the state court in *Matranga v. Parish Anesthesia of Jefferson, LLC,*[30] which Plaintiffs rely on in support of their Motion, held that notwithstanding the Medical Review Panel statute, "as with any other expert testimony, the Medical Review Panel Opinion is subject to review and a trial court may reject it as inadmissible."[31]  But that case, and the Louisiana Supreme Court case it cites to for that proposition,[32] did not deal with *Daubert* challenges.  Rather, these cases dealt with situations where the Medical Review Panel exceeded its *statutory* authority by including factual findings and crediting the

---

[27] La. R.S. 37:120 (emphasis added).
[28] La. R.S. 40:1231.8(H).
[29] *Dade v. Clayton*, No. 12-680, 2013 WL 6145710, at *3 (W.D. La. May 10, 2013); *Paz v. Our Lady of Lourdes Med. Ctr.*, No. 01-2693, 2005 WL 6201454, at *1 (W.D. La. Feb. 28, 2005); *Logan v. Schwab*, No. 2014-CA-0591, 2015 WL 4093911, at *4 (La. App. 4 Cir. July 7, 2015), *rev'd on other grounds*, 193 So. 3d 118 (La. 2016).
[30] 170 So.3d 1077 (La. App 5 Cir. 2015).
[31] *Matranga*, 170 So.3d at 1092 (citing *McGlothlin v. Christus St. Patrick Hosp.*, 65 So.3d 1218, 1227 (La. 2011)).
[32] *McGlothlin* 65 So.3d 1218.

evidence of one party over the other. The Medical Review Panel statute, like the Accounting Review Panel statute[33] specifically forbids this. That statute states that where a material issue of fact that does not requires expert opinion exists, the panel must "simply acknowledge the material issue and defer to factfinders consideration."[34] Here, the Panel did not exceed its statutory authority by issuing an opinion on a disputed material fact, but rather issued an expert opinion that Plaintiff contends is unreliable. *Matranga* and *McGlothlin* are therefore distinguishable. Indeed, in light of the statutory scheme that sets a process by which qualified certified public accountants must be selected for the board,[35] and allows for evidence to be submitted by either party,[36] it makes sense that the statute's command that a panel's opinion and testimony be admissible applies to prevent to attacks on reliability of an opinion under *Daubert*.

Although Louisiana law requires admission of the Panelists' Opinion, the Court further considers Plaintiff's *Daubert* challenge seeking to exclude the Panelists' testimony on the merits.[37] Here, Hof does not challenge the qualifications or expertise of the Panelists. Rather, the thrust of Plaintiff's argument is that the Panelists' testimony should be limited or excluded because it is alleged that the Panelists lacked sufficient documentation regarding the 2013 audit to come to the conclusion that LaPorte exercised due care and diligence and complied with generally

---

[33] La. R.S. 37:119(3).
[34] *McGlothlin*, 65 So.3d at 1229.
[35] La. R.S. 37:111 (process for selection); La. R.S. 37:112 (required qualifications).
[36] La. R.S. 37:116.
[37] Other courts that have found a similar Louisiana statute dispositive have also proceeded to consider a *Daubert* motion on the merits. *See Dade v. Clayton*, 2013 WL 6145710, at *3; *Paz v. Our Lady of Lourdes Med. Ctr.*, 2005 WL 6201454, at *1; *Logan v. Schwab*, 2015 WL 4093911, at *4.

acceptable auditing standards with respect to that audit.  The Court notes that both Panelists that were deposed testified under oath that they stood by their Opinion, including their conclusion regarding the 2013 audit.[38]  Indeed, Vincent specifically testified that the work papers supported the Opinion as to the 2013 audit.[39]  Moreover, LaPorte's Response to Hof's Complaint to the Panel explicitly references the 2013 audit.[40]  Further, Louisiana law gave Plaintiff himself the opportunity to provide the Panelists with additional materials for their review before rendering an opinion.[41]  Given this evidence, the Court finds that the Panelists' testimony is based on sufficient facts and data and involves reliable principles such that it passes muster under Federal Rule of Evidence 702.  Plaintiff may instead use the information that he argues merits exclusion of the Panelists' Opinion and testimony in vigorous cross-examination to undermine the Panelists' Opinion and testimony, as is the default practice in our adversary system.[42]

---

[38] R. Doc. 99-4 at 3 (Simms); R. Doc. 99-5 at 4 (Vincent).
[39] R. Doc. 99-5 at 5-6.
[40] *See* R. Doc. 99-2 at 4 ("To further establish and delineate the responsibilities of FSW during the audit, LaPorte required that FSW's management issue its own letter confirming that FSW management understood the scope of the audit and the responsibilities of each party at the conclusion of the 2014 and 2013 audits."); at 8 ("The audited 2014 and 2013 financial statements properly reflect and disclose this adjustment."); at 14 ("LaPorte's audit of FSW's financial statements for the years ending December 31, 2013 and December 31, 2014, met the standard of care for auditors practicing in accordance with generally accepted auditing standards at all times.").
[41] La. R.S. 37:116(A) ("The evidence to be considered by the public accountant review panel shall be promptly submitted by the respective parties in written form only.").
[42] *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 596 (1993) ("Vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence.").

IV.  **CONCLUSION**

**IT IS HEREBY ORDERED** that Plaintiff's Motion *in Limine* to Limit Testimony of Joseph Simms, Pete Vincent, and Neil Ferrari, and to Limit the Admissibility of Account Review Panel Opinion is **DENIED**.

New Orleans, Louisiana, November 4, 2020.

                                        **WENDY B. VITTER**
                                        **UNITED STATES DISTRICT JUDGE**