UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **PRIDE CENTRIC RESOURCES, INC., FORMERLY KNOWN AS PRIDE MARKETING AND PROCUREMENT, INC.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 19-10163 c/w 19-10696** |
| **LAPORTE, A PROFESSIONAL ACCOUNTING CORPORATION, ET AL.** | **SECTION D (1)** |

## ORDER

Before the Court is Defendant LaPorte's Re-urged Motions to Consolidate.[1] Plaintiffs in both Docket No. 19-10696, *Ronald J. Hof v. LaPorte*, and Docket No. 19-10163, *Pride Centric Resources v. LaPorte*, oppose the Motions.[2] LaPorte has filed a Reply to each Opposition.[3] After careful consideration of the parties' memoranda, the record, and the applicable law, the Court grants the Motions and consolidates the cases.

### I.    FACTUAL BACKGROUND

This is an accounting malpractice case. LaPorte, A Professional Accounting Corporation ("LaPorte"), is a Louisiana accounting firm. LaPorte was hired as an independent auditor for FoodServiceWarehouse.Com, LLC, ("FSW").[4] LaPorte was similarly hired by FSW's parent company, Pride Centric Resources ("Pride"), as an

---

[1] Docket No. 19-10163, R. Doc. 66; Docket No. 19-10696, No. 117.
[2] Docket No. 19-10163, R. Doc. 70; Docket No. 19-10696, No. 132.
[3] Docket No. 19-10163, R. Doc. 74; Docket No. 19-10696, No. 142.
[4] Docket No. 19-10696, R. Doc. 1-3 at 3 ¶ 8.

independent auditor.[5] LaPorte conducted independent audits of both FSW and Pride for both 2013 and 2014.[6] For reasons that are hotly disputed, FSW later went bankrupt. Both Ronald J. Hof, in his capacity as trustee of the bankruptcy estate of FSW, and Pride have filed Complaints against LaPorte for professional negligence related to the 2013 and 2014 audits of FSW and Pride.[7] Specifically, two separate suits were filed, one by Hof, Docket No. 19-10696, and one by Pride, Docket No. 19-10163. It is these allegations of professional negligence that underlie the current dispute.

At the advent of this litigation, LaPorte moved to consolidate these cases.[8] At that early stage, the Court denied the Motions to Consolidate, finding that that the "cases involve different plaintiffs, different facts, and, perhaps most importantly, different audits."[9] Since that order, the parties have engaged in significant discovery and engaged in vigorous motion practice.

LaPorte now reurges its Motions to Consolidate.[10] It argues that there are common issues of fact and law at play in this litigation and that consolidation is therefore appropriate. It stresses that FSW and Pride were and remain deeply intertwined and that the parties' complex claims are similarly impossible to properly consider separately. LaPorte emphasizes that judicial efficiency will be served by consolidation, especially in light of the current pandemic. LaPorte notes the risk of

---

[5] *See* Docket No. 19-10163, R. Doc. 1 at 5 ¶ 15.
[6] R. Doc. 1-3 at 4 ¶ 11, 5 ¶ 15.
[7] *See generally* Docket No. 19-10163, R. Doc. 1; Docket No. 19-10696, No. 1-3.
[8] Docket No. 19-10696, No. 16.
[9] Docket No. 19-10163, R. Doc. 21 at 2; Docket No. 19-10696, R. Doc. 20 at 2.
[10] Docket No. 19-10163, R. Doc. 66; Docket No. 19-10696, No. 117.

exposure in compelling numerous witnesses and attorneys to appear for two multi-week trials involving the same issues and parties. Finally, LaPorte argues that it would be significantly prejudiced if the Court does not consolidate the matters for trial, particularly as two separate juries could impose discordant verdicts or allow for double recovery.

Hof and Pride oppose consolidation.[11] Both parties argue that little, if anything, of relevance has been uncovered in discovery since the Court denied LaPorte's initial Motions to Consolidate. They further argue that they have developed their cases with an eye toward trying the matters separately, and would therefore be prejudiced by consolidation at this stage. Plaintiffs stress that their claims are unique and that they have each suffered independent damages. LaPorte has filed Replies[12] to both Oppositions, in which it continues to stress how deeply FSW and Pride are interrelated and how Plaintiffs' claims cannot be fully considered if tried separately, and further how this information has been crystallized through discovery conducted subsequent to the Court's initial ruling denying consolidation.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 42 governs consolidation of cases by a district court. That Rule provides that "[i]f actions before the court involve a common question of law or fact, the court may (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid

---

[11] Docket No. 19-10163, R. Doc. 70; Docket No. 19-10696, No. 132.
[12] Docket No. 19-10163, R. Doc. 74; Docket No. 19-10696, No. 142.

unnecessary cost or delay."[13]  "Rule 42(a) should be used to expedite trial and eliminate unnecessary repetition and confusion."[14]  A district court has broad discretion in determining whether to consolidate matters.[15]  When considering whether to consolidate matters, courts examine numerous factors including:

> [W]hether the actions are pending before the same court; the actions involve a common party; any risk of prejudice or confusion will result from consolidation; any risk of inconsistent adjudications of common factual or legal questions will result if the matters are tried separately; consolidation will reduce the time and cost of trying the cases separately; and the cases are at the same stage of preparation for trial.[16]

Importantly, although "consolidation is permitted as a matter of convenience and economy in administration, [it] does not merge the suits into a single cause, or change the rights of the parties, or make those who are parties one suit parties in another."[17]

## III.  ANALYSIS

That there are common issues of fact at play in both cases is beyond dispute. Discovery in these matters has laid bare how intertwined both Hof, as trustee of FSW, and Pride are as parties.  Hof has previously admitted as much in seeking to consolidate the cases for pre-trial proceedings.[18]  The two companies were so connected that they held board of director and shareholder meetings together.[19]

---

[13] Fed. R. Civ. P. 42(a).
[14] *Miller v. U.S. Postal Serv.*, 729 F.2d 1033, 1036 (5th Cir. 1984).
[15] *Dupont v. Southern Pac. Co.*, 336 F.2d 193, 196 (5th Cir. 1966).
[16] *Varnado v. LeBlanc*, No. 13-348, 2016 WL 320146, at *2 (M.D. La. Jan 25, 2016).
[17] *Lewis v. ABC Business Servs. Inc.*, 135 F.3d 389, 412 (6th Cir. 1998) (citing *Johnson v. Manhattan Ry. Co.*, 289 U.S. 429 (1933)) (alteration in original).
[18] Docket No. 19-10696, R. Doc. 16-1.
[19] Docket No. 19-10696, R. Doc. 117-4 at 9.

Louis Puissegur, a key witness in these litigations, was CFO of both companies.[20] And other leaders of FSW, including Madhu Natarajan, FSW's CEO, were executives with Pride.[21] Moreover, at this point in the bankruptcy, the only remaining asset of FSW's estate is its claim against LaPorte.[22] LaPorte represents that any payout for such a claim will go at least in part to Pride as a creditor of the estate.

Importantly, Plaintiffs' claims are also interconnected. For example, part of Pride's claim for damages is premised on its reliance on LaPorte's 2013 audit of FSW.[23] And one of the experts hired by Pride contends that LaPorte committed malpractice by failing to consolidate FSW's and Pride's financial statements in 2013 and 2014.[24] Hof's expert similarly opines on how the companies were substantially related, especially as it relates to ownership and transfer of rebates.[25] Such interrelated claims should be tried in a single trial, before a single jury.

Judicial efficiency purposes alone now merit consolidating these cases. It is clear that both cases involve complex (and often interrelated) accounting issues on which a jury will need to be educated. Both cases involve significant overlapping factual matter, including the events leading up to FSW's bankruptcy. And both cases are likely to involve significant overlap in witnesses.[26] Trying the cases separately would therefore require educating two separate juries on complex accounting

---

[20] Docket No. 19-10696, R. Doc. 117-3 at 24.
[21] Docket No. 19-10696, R. Doc. 117-3 at 94-95.
[22] Bankruptcy Docket No. 16-11179, R. Doc. 907.
[23] Docket No. 19-10163, R. Doc. 1 at 7 ¶ 23.
[24] *See* Docket No. 19-10696, R. Doc. 117-11 at 10.
[25] Docket No. 19-10696, R. Doc. 117-10 at 3, 26-27.
[26] *Compare* Docket No. 19-10163, R. Doc. 45 (Pride's Witness List) *with* Docket No. 19-10696, No.30 (Hof's Witness List) (demonstrating significant overlap).

techniques and overlapping facts and needlessly having the same witnesses testify twice.[27] Rule 42(a) gives the Court broad discretion to avoid such a waste of resources.

Finally, the Court finds that it would be highly prejudicial to LaPorte to be forced to try these cases separately. One of LaPorte's central arguments in defense to the claims of Plaintiffs is that Pride had knowledge of the activities of FSW, and in particular that Louis Pussegur facilitated interrelated activities that are at the heart of both Plaintiffs' claims.[28] Were the cases to be tried separately, juries could reach different conclusions on these factual questions that relate to both claims, resulting in disparate verdicts. LaPorte also raises the specter of double recovery, in which LaPorte is made liable to both Hof and Pride for the same failure in conducting the FSW audits. Any such concern about double recovery is greatly diminished if the cases are tried together and a jury may fully understand the full scope of the implications to both FSW and Pride of LaPorte's purported auditing failures.

Plaintiffs in both matters emphatically resist consolidation. Both emphasize that this Court previously denied consolidation on the grounds that the "cases involve different plaintiffs, different facts, and, perhaps most importantly, different audits."[29] But as described above, discovery has made clear that the parties are not as different as they appear at first glance. Indeed, LaPorte has placed a much more robust record

---

[27] LaPorte adds to its argument that compelling multiple witnesses and attorneys to appear twice during this pandemic poses a serious risk to participants and court personnel. The Court notes the argument but does not feel the need to rely on it in reaching its decision. It is sincerely hoped that the pandemic will be resolved soon—probably the one point that all of the parties agree regarding.
[28] *See* Docket No. 19-10696, R. Doc. 117-1 at 11-18.
[29] Docket No. 19-10163, R. Doc. 21 at 2.

before the Court in support of its instant Motions as compared with its original Motions.[30] And they have become even more intertwined over time, given that FSW's only remaining asset in its bankruptcy is its claim against LaPorte and that Pride acts as an FSW creditor. The facts, too, now appear to be sufficiently linked that consolidation would serve the purposes of judicial efficiency and justice. And finally, although different audits may be at play, consolidation "does not merge the suits into a single cause, or change the rights of the parties, or make those who are parties one suit parties in another."[31]

Hof argues that LaPorte has gamed the system by conducting discovery in both cases separately and now seeking consolidation for trial, and that LaPorte's actions strongly counsel against consolidation.[32] But the Court sees no prejudice to Plaintiffs in LaPorte conducting discovery on the basis of the case as it stood and reurging consolidation of the matters once discovery had closed and the facts that would support the Reurged Motions for Consolidation had been ascertained.

Plaintiffs also argue they will be significantly prejudiced by consolidation at this late stage. They contend that they conducted discovery and developed their cases under the impression that the cases would be tried separately. Plaintiffs ask the Court, if it is inclined to consolidate the cases, to consider re-opening discovery "to allow the parties to re-depose certain witnesses as deemed necessary in response to

---

[30] *Compare* Docket No. 19-10163 R. Doc. 14 *with* R. Doc. 66.
[31] *Lewis v. ABC Business Servs. Inc.*, 135 F.3d 389, 412 (6th Cir. 1998) (citing *Johnson v. Manhattan Ry. Co.*, 289 U.s. 429 (1933)) (alteration in original).
[32] R. Doc. 132 at 8-13.

a consolidation."[33] Given how the facts overlap in this matter, the Court finds that there is little, if any, prejudice associated with consolidation. To the extent such prejudice exists, it is insufficient to forgo consolidation of these matters in the face of the inextricably intertwined facts at play. However, to relieve any possible prejudice the parties may face due to consolidation, the Court will consider allowing *extremely limited* discovery to be conducted. Such discovery will be discussed at a status conference among all parties on December 17, 2020 as described below.

## IV.   CONCLUSION

**IT IS HEREBY ORDERED** that LaPorte's Motions to Consolidate are **GRANTED**. **IT IS FURTHER ORDERED** that Docket No. 19-10163, *Pride Centric Resources v. LaPorte*, and Docket No. 19-10696, *Ronald J. Hof v. LaPorte* are hereby consolidated. **IT IS FURTHER ORDERED** that the trial date set in this matter is vacated. **IT IS FURTHER ORDERED** that the pretrial conference set for December 17, 2020 at 10:00 a.m. is hereby converted to a status conference in the consolidated matter.[34] Parties should be prepared to discuss the specific, limited discovery they wish to seek in light of this ruling. The Court's previous order setting dates for dispositive motions and motions *in limine* regarding expert testimony remains applicable to Pride and LaPorte.

New Orleans, Louisiana, December 8, 2020.

---

[33] R. Doc. 70.
[34] The Court notes that there were originally two separate pretrial conferences set in each matter, one at 10:00 a.m. and one at 11:00 a.m. on December 17, 2020. Because this matter is now consolidated, one consolidated status conferences shall be held at 10:00 a.m.

_____
**WENDY B. VITTER
UNITED STATES DISTRICT JUDGE**